UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

**DARREN BUNEO**,

Plaintiff,

2:26-CV-298-SPC-NPM

v.

**UNITED STATES DEPARTMENT OF JUSTICE**;

**OFFICE OF JUSTICE PROGRAMS**;

**PUBLIC SAFETY OFFICERS' BENEFITS PROGRAM**,

Defendants.

FILED - USDC - FLMD - FTM
FEB 10 2026 AM10:48

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

(Administrative Procedure Act, 5 U.S.C. §§ 701–706)

**I. INTRODUCTION**

1. Plaintiff Darren Buneo ("Plaintiff") brings this action for judicial review and to compel agency action unlawfully withheld or unreasonably delayed under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–706.

2. Plaintiff's claim arises from Defendants' prolonged failure to adjudicate Plaintiff's Public Safety Officers' Benefits ("PSOB") claim, despite (a) Plaintiff's statutory eligibility, (b) internal agency representations that Plaintiff's claim was verified and expedited, and (c) repeated requests for reasonable accommodation related to Plaintiff's post-traumatic stress

disorder ("PTSD").

3. Plaintiff seeks declaratory and injunctive relief ordering Defendants to complete adjudication of Plaintiff's PSOB claim within a court-defined timeframe and to provide meaningful access and reasonable accommodations during all remaining proceedings.

## II. JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 5 U.S.C. §§ 701–706.

5. This Court is authorized to compel agency action unlawfully withheld or unreasonably delayed pursuant to 5 U.S.C. § 706(1) and to set aside agency action that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law pursuant to 5 U.S.C. § 706(2).

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(e) because Plaintiff resides in this District and Defendants are agencies of the United States.

## III. PARTIES

7. Plaintiff Darren Buneo is a retired New York City Police Department detective who sustained disabling conditions related to line-of-duty service and is a claimant under the PSOB statute, 34 U.S.C. § 10281 et seq.

8. Defendant United States Department of Justice ("DOJ") is a federal executive department responsible for administration of the PSOB Program through its Office of Justice Programs.

9. Defendant Office of Justice Programs ("OJP") administers the PSOB Program.

10. Defendant Public Safety Officers' Benefits Program ("PSOB") is the component responsible for adjudicating Plaintiff's claim.

## IV. STATUTORY AND REGULATORY BACKGROUND

11. The PSOB statute provides death and disability benefits to eligible public safety officers injured in the line of duty. 34 U.S.C. §§ 10281–10286.

12. The APA requires agencies to conclude matters presented to them "within a reasonable time." 5 U.S.C. § 555(b).

13. Agency action unlawfully withheld or unreasonably delayed is subject to judicial compulsion. 5 U.S.C. § 706(1).

14. Federal agencies are obligated to provide reasonable accommodations to qualified individuals with disabilities and to ensure meaningful access to programs and services.

## V. FACTUAL ALLEGATIONS

15. Plaintiff submitted a PSOB disability claim based on verified line-of-duty service and disabling conditions.

16. Plaintiff's statutory eligibility under the PSOB statute is not disputed.

17. During the pendency of the claim, the PSOB Director personally informed Plaintiff—by recorded voicemail and during a witnessed call—that Plaintiff's claim had been verified, placed on expedited status, and entered legal review.

18. Despite those representations, Defendants subsequently issued written correspondence contradicting the Director's confirmation and asserting that no expedited status existed.

19. Plaintiff requested reasonable accommodations related to PTSD, including alternative communication methods and meaningful access to the PSOB process.

20. Following Plaintiff's accommodation requests, Defendants' communications and portal responsiveness materially deteriorated, including prolonged periods in which portal messages were not opened or answered and the claim status indicators changed without meaningful explanation.

21. Defendants attempted to characterize these issues as an "IT problem," while Plaintiff contemporaneously reported denial of access, non-responsiveness, and failure to accommodate.

22. Plaintiff made repeated, good-faith efforts to resolve the matter administratively, including outreach to PSOB staff, supervisory officials, and designated DOJ/OJP contacts, and by elevating concerns through available channels.

23. Defendants have neither adjudicated Plaintiff's claim nor provided a lawful, reasoned explanation for the delay consistent with the APA's requirement of action within a reasonable time.

24. The delay has exceeded all reasonable timeframes, particularly given the agency's internal prioritization of verified claims and the heightened need for timely resolution where disability-related accommodations have been requested.

## VI. CLAIM FOR RELIEF

(APA – Unlawful Withholding and Unreasonable Delay)

25. Plaintiff realleges and incorporates by reference paragraphs 1–24 as if fully set forth herein.

26. Defendants have unlawfully withheld and unreasonably delayed final agency action on Plaintiff's PSOB claim in violation of 5 U.S.C. §§ 555(b) and 706(1).

27. Defendants' failure to act is arbitrary, capricious, an abuse of discretion, and contrary to law.

28. Plaintiff has exhausted all administrative remedies required or reasonably available. Plaintiff repeatedly sought adjudication through the PSOB portal, direct communications with PSOB staff, supervisory officials, and the PSOB Director, and requested reasonable accommodations through designated DOJ channels, including the Office of Justice Programs and the DOJ ADA liaison. Despite these efforts, Defendants failed to respond, failed to provide meaningful access, and failed to issue a final decision. Further administrative pursuit

would be futile because Defendants have demonstrated prolonged inaction, contradictory representations, and an inability or unwillingness to bring the matter to resolution.

29. No statute or regulation provides an adequate or mandatory administrative remedy capable of compelling Defendants to act within a reasonable time.

30. Plaintiff has suffered ongoing harm, including financial uncertainty and exacerbation of PTSD symptoms, as a direct result of Defendants' inaction.

## VII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Declare that Defendants have unlawfully withheld and unreasonably delayed agency action;

B. Order Defendants to complete adjudication of Plaintiff's PSOB claim within a court-defined timeframe;

C. Order Defendants to provide reasonable accommodations and meaningful, non-discriminatory access during all remaining proceedings;

D. Retain jurisdiction to ensure compliance with the Court's order; and

E. Grant such other and further relief as the Court deems just and proper.

## VIII. JURY DEMAND

31. Plaintiff does not demand a jury trial, as this action seeks equitable relief under the Administrative Procedure Act.

*[signature]*

Respectfully submitted,

**Darren Buneo**

Plaintiff, Pro Se

Cape Coral, Florida