UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DARREN BUNEO,

     Plaintiff,

v.                                                      Case No.:  2:26-cv-298-SPC-NPM

UNITED STATES DEPARTMENT
OF JUSTICE, OFFICE OF
JUSTICE PROGRAMS, and
PUBLIC SAFETY OFFICERS'
BENEFITS PROGRAM,

     Defendants.

_____

**OPINION AND ORDER**

The Court directed Plaintiff Darren Buneo, proceeding pro se, to refile his complaint with a proper signature by February 27, 2026, and warned him that "***Failure to do so may result in this case being closed without further notice***."  (Doc. 7) (emphasis in original).  Plaintiff failed to do so.  Accordingly, the Court dismissed this case without prejudice and for failure to prosecute, entered judgment, and closed the case.  (Docs. 10, 11).

Undeterred, Plaintiff sought relief under Rule 59(e).  (Doc. 13).  He provided no newly discovered evidence, nor did he argue any manifest errors of law or fact occurred.  He cited no authority to support his motion.  Further, he offered no explanation for his failure to comply with the Court's February

27 deadline.  Finding no explanation, much less good cause, for Plaintiff's failure to comply with the Court's filing deadline, the Court denied Plaintiff's motion.  (Doc. 14).

Now, Plaintiff takes a final shot at resurrecting his case, this time invoking Federal Rule of Civil Procedure 60(b)(1) and (6).  (Doc. 15).  First, Rule 60(b)(1) provides for relief from judgments on the grounds of "mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b).  Second, Rule 60(b)(6), known as the catch-all provision, requires a party to "demonstrate that the circumstances are sufficiently extraordinary to warrant relief."  *Aldana v. DelMonte Fresh Produce N.A., Inc.*, 741 F.3d 1349, 1355 (11th Cir. 2014) (internal quotations and citations omitted).  Thus, to be entitled to relief under this provision, Plaintiff must show that "absent such relief, an extreme and unexpected hardship will result."  *Crapp v. City of Miami Beach*, 242 F.3d 1017, 1020, (11th Cir. 2001) (internal quotations and citations omitted).

In his motion, Plaintiff explains that he "did not receive the Court's Order directing amendment prior to the stated deadline."  (Doc. 15 at 2).  He does not explain *why* he did not receive the Order.  For all the Court knows, he might have been on vacation and did not check his mail.  Further, he makes no effort to demonstrate extreme and unexpected hardship.  Instead, he merely argues that granting his motion would not prejudice Defendants because no

2

defendant has been served, and the case is within the 90-day service period. (*Id.* at 3).  Finally, he cites no authority supporting the proposition that failing to receive a court order in time to comply with deadlines constitutes mistake or excusable neglect.

The Court understands that Plaintiff is proceeding pro se.  However, "even a *pro se* plaintiff must follow the rules and orders of the Court." *Shephard v. Cuna Mut. Ins.*, No. 6:23-CV-1364-PGB-DCI, 2025 WL 2083826, at *3 (M.D. Fla. Feb. 25, 2025), *report and recommendation adopted,* No. 6:23-CV-1364-PGB-DCI, 2025 WL 2083408 (M.D. Fla. Mar. 20, 2025).  Plaintiff failed to comply with the Court's deadlines and has not demonstrated excusable neglect for his actions.  Nor has he shown that extraordinary circumstances warrant relief.  Therefore, the Court denies his motion.

Accordingly, it is

**ORDERED:**

Plaintiff's Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b) (Doc. 15) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on March 27, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

3